﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200221-65665
DATE: December 31, 2020

REMANDED

Entitlement to a disability rating in excess of 30 percent for posttraumatic stress disorder (PTSD) is remanded.

Entitlement to service connection for right foot condition is remanded.

Entitlement to service connection for left foot condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1988 to June 1992.

The rating decision on appeal was issued in December 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1). 

In October 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a September 2019 rating decision. In December 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating decision. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Direct Review option. Therefore, the Board may only consider the evidence of record at the time of the initial September 2019 rating decision. 38 C.F.R. § 20.301.

Under the AMA, remand is available only to correct pre-decisional errors. 38 C.F.R. § 20.802. These claims are being remanded to correct certain pre-decisional errors, as further explained below.

1. Entitlement to a disability rating in excess of 30 percent for posttraumatic stress disorder (PTSD), from June 13, 2019 to September 17, 2019, is remanded.

The issue of entitlement to an increased evaluation of PTSD is remanded to correct a duty to assist error that occurred prior to the December 2019 rating decision on appeal.

The AOJ obtained a July 2019 VA examination report prior to the initial rating decision in September 2019. The examination report indicates that the Veteran received treatment about 3 years earlier at a “veterans center.” Those records are not in the Veteran’s claims file, and the Board finds that these VA treatment records should be obtained before this appeal is adjudicated.

Additionally, according to the Veteran’s and his representative’s August 2019 letter, this examination report did not adequately consider all of the Veteran’s symptomology associated with his PTSD. In accordance with VA’s duty to sympathetically develop veterans’ claims, the Board finds that this claim should be remanded for another VA PTSD examination opinion that fully considers the Veteran’s lay statements regarding his PTSD and symptomatology (including but not limited to those set forth in his August 2019 letter), as well as any additional treatment records received (including the “veterans center” records noted above).

2. Entitlement to service connection for right foot condition is remanded.

3. Entitlement to service connection for left foot condition is remanded.

The issues of entitlement to service connection for right and left foot conditions are remanded to correct a duty to assist error that occurred prior to the December 2019 rating decision on appeal. 

The AOJ obtained an August 2019 medical opinion prior to the initial rating decision in September 2019. The opinion indicates that the Veteran has a diagnosis of right foot hallux valgus and mild or moderate hallux valgus symptoms bilaterally and bilateral foot pain. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s foot disabilities had their onset in service or is otherwise related to service. Specifically, the rationale in the opinion does not mention the fact that the Veteran claims that he injured his feet during an in-service accident (and the Board notes that the accident is evidenced by his service treatment records (STRs)). See, e.g., VA Form 21-4138, Statement in Support of Claim, received August 26, 2019; Foot Conditions Disability Benefits Questionnaire dated in August 2019. The sole basis for the negative etiology opinion set forth in the examiner’s rationale is that “Service records do not contain complaints, treatment or diagnosis in service for a foot condition related to the current diagnosis of right foot hallux valgus.” Furthermore, the Foot Conditions DBQ indicates that the Veteran has reported pain and functional loss, but the examiner’s rationale seems to only discuss the diagnosed right foot hallux valgus. The term “disability” in 38 U.S.C. § 1110 refers to the functional impairment of earning capacity, not the underlying cause of said disability, and in the context of a veteran’s disability claim, pain may be considered a disability if it diminishes the body’s ability to function, whether that pain is diagnosed as connected to a current underlying condition or not. See Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). Thus, if it is indeed the case that the Veteran has left foot pain that causes functional loss, the examiner must consider said pain a disability and provide an etiology opinion regarding that foot, as well.

The matters are REMANDED for the following action:

1. If necessary, request information from the Veteran regarding which Veterans Center(s) he obtained treatment from and when (for example, ask the Veteran to submit a statement, medical records release authorization, and/or other documentation indicating which Veterans Center he obtained treatment from and the dates of such treatment). Document any and all attempts to gather that information in the claims file. Then, obtain the Veteran’s treatment records from the indicated Veterans Center(s).

2. Schedule the Veteran for an examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the current severity of his service-connected PTSD. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of symptoms. To the extent possible, the examiner should identify any symptoms and social and occupational impairment due to his service-connected PTSD alone. The examiner also must address the Veteran’s lay statements, including the letter that was submitted as evidence in August 2019 detailing his symptoms and their effect on his occupational and social functioning.

3. Schedule the Veteran for a VA examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) for his claimed foot disabilities. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

(a.) Identify by diagnosis all of the Veteran’s foot disabilities. The Board notes that the AOJ previously determined the Veteran has a current diagnosis of hallux valgus of the right foot.

If a diagnosis cannot be provided for any of the Veteran’s foot conditions but the condition manifests in symptoms that cause functional impairment, then the examiner should consider it/them a “disability” for the purpose of providing the requested opinion(s) below.

(b.) For each diagnosed foot disability, is it at least as likely as not related to service, including the July 1990 motor vehicle accident in the Veteran’s STRs?

(c.) For each diagnosed foot disability, is it at least as likely as not that said foot disability (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Provide a rationale to support the opinion(s). 

(Continued on the next page)

 

In providing the requested opinion, consider the Veteran’s description of his in-service injury and symptoms as well as his post-service symptoms. If there is any medical reason to accept or reject the proposition that the Veteran’s reported injury and symptoms in service and thereafter represented the onset of his current disability, this should be noted. Stated another way, do the Veteran’s reports about his symptoms align with how the currently diagnosed disability is known to develop or are the Veteran’s reports generally inconsistent with medical knowledge or implausible?

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Banks, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.